AO 451 (Rev.12/93) Certification of Judgment

05mc145

# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  ALABAMA

| | |
|---|---|
| AMSOUTH BANK,<br>    Plaintiff,<br>V.<br>WALL STREET DELI SYSTEMS., INC.,<br>PAT FRANCHISE SYSTEMS INC., PAT<br>SERVICES, INC., TRUFOODS CORP., and<br>PUDGIE'S RESTAURANT CORP.<br>    Defendants. | **CERTIFICATION OF JUDGMENT<br>FOR REGISTRATION IN<br>ANOTHER DISTRICT**<br><br><br><br>CV-03-AR-3136-S |

I, _____Perry D. Mathis_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __February 27, 2004__, as it
                                                                                                                                                                                                             Date

appears in the records of this court, and that

\*  No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

| | |
|---|---|
| _____July 19, 2005_____<br>Date | _____Perry D. Mathis_____<br>Clerk<br><br>*Shirley Brown* (signature)<br>(By) Deputy Clerk |

---

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 FEB 27 AM 10: 29
U.S. DISTRICT COURT
N.D. OF ALABAMA

AMSOUTH BANK,           )
                        )
    Plaintiff,          )
                        )
v.                      )   Case No. CV 03-AR-3136-S
                        )
WALL STREET DELI SYSTEMS )
INC., PAT FRANCHISE SYSTEMS )   ENTERED
INC., PAT SERVICES, INC., )
TRUFOODS CORP., and PUDGIE'S )   FEB 2 7 2004
RESTAURANT CORP.,       )
                        )
    Defendants.         )

**ORDER**

Before the Court is AmSouth's Motion for Summary Judgment, Brief in Support of Summary Judgment, and Evidentiary Submission (collectively, the "Motion"). In accordance with the accompanying memorandum opinion, the court finds that there are no genuine disputes of material fact and that Plaintiff AmSouth Bank is entitled to judgment as a matter of law. Therefore, AmSouth's Rule 56 motion against Wall Street Deli Systems, Inc. ("WSDSI"), Pat Franchise Systems, Inc. ("PFSI"), Pat Services, Inc. ("PSI"), TruFoods, Corp. ("TC"), and Pudgie's Restaurant Corp. ("PRC") is GRANTED in full. Consistent with this ruling, the court hereby ORDERS, ADJUDGES, and DECREES judgment in favor of Amsouth for the following relief:

A.   Against WSDSI and PSI, jointly and severally, for $835,198.78 in principal, $26,021.60 in accrued and unpaid interest, $43,393.73 in late penalties, and $23,381.38 in attorneys' fees and costs for a total of $927,995.49, plus per diem interest of $185.60 from February 9, 2004 (the "Indebtedness");

B.   Against WSDSI for immediate possession of the WSDSI Collateral as more specifically defined in AmSouth's Motion of record in this case, not to exceed the

1206603

amount of the unpaid Indebtedness, including but not limited to WSDSI's (i) Accounts; (ii) Inventory; (iii) General Intangibles; (iv) Equipment; (v) proceeds and products, as the case may be of WSDSI's Accounts, General Intangibles, Equipment, and Inventory; (vi) monies and other property of any kind, real, personal or mixed, and tangible or intangible, now or at any time or times hereafter, in the possession or under the control of AmSouth or a bailee of AmSouth; (vii) accessions to, substitutions for and all replacements, products and cash and non-cash proceeds; and (viii) books and records (including, without limitation, customer list, credit files, magnetic, digital and laser tapes and disks, electronic and computer storage media, computer programs, print-outs, and other computer materials and records) of WSDSI pertaining to any of (i) through (vii) above. Moreover, AmSouth is awarded immediate possession of the relevant depository accounts and all right, title and interest as tenant under the relevant leases, as defined more specifically in AmSouth's Motion;

C. Against PSI for immediate possession of the PSI Collateral as defined more specifically in AmSouth's Motion of record in this case, not to exceed the amount of the unpaid Indebtedness, including but not limited to PSI's (i) Accounts; (ii) proceeds and products, as the case may be, of Guarantor's Accounts; (iii) all monies and other property of any kind, real, personal, or mixed, and tangible or intangible, now or at any time or times hereafter, in the possession or under the control of AmSouth or a bailee of AmSouth; (iv) all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of (i) through (iii) above; and (v) all books and records (including, without limitation, customer lists, credit files, magnetic, digital and laser tapes and disks, electronic and computer storage media, computer programs, print-outs, and other computer materials and records) of PSI pertaining to any of (i) through (iv) above;

D. Against PFSI for the immediate possession of the PFSI Collateral, as defined more specifically in AmSouth's Motion of record in this case, including but not limited to PFSI's (i) Accounts; (ii) proceeds and products, as the case may be, of PFSI's Accounts; (iii) all monies and other property of any kind, real, personal, or mixed, and tangible or intangible, now or at any time or times hereafter, in the possession or under the control of AmSouth or a bailee of AmSouth; (iv) all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of (i) through (iii) above; and (v) all books and records (including, without limitation, customer lists, credit files, magnetic, digital and laser tapes and disks, electronic and computer storage media, computer programs, print-outs, and other computer materials and records) of PFSI pertaining to any of (i) through (iv) above or in the alternative, money judgment for the value of all the foregoing not to exceed the Indebtedness owing;

E. Against TC for immediate possession of the TC Collateral as defined more specifically in AmSouth's Motion of record in this case, including but not limited to TC's (i) Accounts; (ii) proceeds and products, as the case may be, of TC's Accounts; (iii) all monies and other property of any kind, real, personal, or mixed, and tangible or intangible, now or at any time or times hereafter, in the possession

or under the control of AmSouth or a bailee of AmSouth; (iv) all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of (i) through (iii) above; and (v) all books and records (including, without limitation, customer lists, credit files, magnetic, digital and laser tapes and disks, electronic and computer storage media, computer programs, print-outs, and other computer materials and records) of TC pertaining to any of (i) through (iv) above or, in the alternative, money judgment for the value of all the foregoing not to exceed the Indebtedness owing; and

F.  Against PRC for immediate possession of the PRC Collateral, as defined mores specifically in AmSouth's Motion of record in this case, including but not limited to PRC's (i) Accounts; (ii) proceeds and products, as the case may be, of PRC's Accounts; (iii) all monies and other property of any kind, real, personal, or mixed, and tangible or intangible, now or at any time or times hereafter, in the possession or under the control of AmSouth or a bailee of AmSouth; (iv) all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of (i) through (iii) above; and (v) all books and records (including, without limitation, customer lists, credit files, magnetic, digital and laser tapes and disks, electronic and computer storage media, computer programs, print-outs, and other computer materials and records) of PRC pertaining to any of (i) through (iv) above or, in the alternative, money judgment for the value of all the foregoing not to exceed the Indebtedness owing.

DONE this 27th day of February 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

A TRUE COPY
PERRY D. MATHIS   CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
By: Shirley Brown
          DEPUTY CLERK

1206603

3